ORDERED.

Dated: May 16, 2023

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Paul A. Amelio,

    Debtor.
_____/

Case No. 8:23-bk-00608-RCT
Chapter 13

**ORDER GRANTING THE CITY OF MIDDLETOWN,
NEW YORK'S (I) REQUEST FOR JUDICIAL NOTICE
AND (II) MOTION TO DISMISS CASE WITH PREJUDICE**

(Docs. 36 & 72)

THIS CASE is considered following trial on May 10, 2023 ("Trial") on the Motion to Dismiss the Case by the City of Middletown, New York (the "City") (Doc. 36) (the "Motion"). The Debtor failed to appear in person at the Trial as required by the *Order Scheduling Trial and Establishing Deadlines* (Doc. 53). Appearances were made by counsel for the City, U.S. Bank, and the Chapter 13 Trustee.

At Trial, the Court granted the City's Request for Judicial Notice (Doc. 72) ("Request") and considered the same, together with the record in this bankruptcy case and the record in the dismissed Chapter 13 case of the Debtor's brother, Carmine Amelio, Case No. 8:22-bk-1289-RCT ("Carmine's Chapter 13"), and having heard the arguments of counsel at Trial, hereby finds as follows:

1. The Debtor's claims register reflects debts exceeding the allowable limit in Chapter 13 pursuant to 11 U.S.C. § 109(e) and he is, thus, ineligible to be a debtor in Chapter 13.

2. The Debtor's schedules and statement of financial affairs (Doc. 22) are almost identical to the ones filed by his brother, Carmine Amelio, in Carmine's Chapter 13, with vastly the same properties and creditors. The address listed for the Debtor as his mailing address is also identical to the mailing address of Carmine Amelio in Carmine's Chapter 13.

3. Carmine Amelio used the Debtor's bankruptcy filing in the state court case filed by the City against Carmine Amelio for code enforcement violations as an unsuccessful attempt to stay the City's cases against Carmine Amelio.

4. The Debtor's scheduling of secured debts at "unknown" amounts reflects the same deficiency in Carmine's Chapter 13 as noted in the Court's decision dismissing that case (Carmine's Chapter 13, Doc. 73).

5. The Debtor failed to appear at the meeting of creditors held under 11 U.S.C. § 341 (the "Creditor's Meeting") and further failed to provide any documents requested by the Chapter 13 Trustee prior to the Creditor's Meeting, including tax returns and evidence of income.

6. The Debtor failed to filed a certificate of completion of prepetition credit counseling as required under 11 U.S.C. § 109(h)(1). No motion was filed seeking either an extension of time to complete the requirement or waiver of the same.

7. Per the claim filed by the Internal Revenue Service, Claim No. 1-1, the Debtor has not filed tax returns for 2019, 2020, 2021, or 2022.

8. This case was filed in bad faith, seemingly as a means for the Debtor and Carmine Amelio to circumvent the Court's dismissal of Carmine's Chapter 13.

Based upon these findings and for the reasons stated orally on the record at the Trial, the Court finds "cause" to grant the City's Motion because, *inter alia*, Debtor is not eligible to be a debtor either in bankruptcy generally or in Chapter 13 specifically and the case was filed in "bad faith" in an attempt to delay and prejudice his creditors. Accordingly, it is

**ORDERED** that the City's Request (Doc. 72) and Motion (Doc. 36) are **GRANTED**. By separate, contemporaneous order, the Court will dismiss this Chapter 13 case with prejudice and impose a 180-day bar to refiling.

Attorney, Angelina E. Lim, is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three (3) days of its entry.