ORDERED.

Dated: **May 16, 2023**

_____
Roberta A. Colton
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:                                                                                                           Case No. 8:23-bk-00608-RCT
                                                                                                                     Chapter 13
PAUL A. AMELIO,

Debtor(s)[1]
_____/

**ORDER DENYING CONFIRMATION, DISMISSING CASE,**
**AND IMPOSING A BAR TO FUTURE FILINGS FOR A PERIOD OF 180 DAYS**

THIS CASE was considered on May 10, 2023, for a duly-noticed confirmation hearing. Scheduled concurrently with the hearing on confirmation was, *inter alia*, the in-person trial on the City of Middletown, New York's Motion to Dismiss (Doc. 36) (the "City's Motion"). The Court finds that the Debtor's Chapter 13 Plan, as filed, does not meet the requirements for confirmation. For this reason and for those reasons set forth in the concurrently entered order granting the City's Motion and on the record at the hearing, the Court finds that dismissing this case with prejudice is in the best interests of creditors and the estate and that an filing injunction of 180 days is appropriate and warranted under the facts of this case. Accordingly, it is

**ORDERED**:

1. Confirmation of the Debtor's Chapter 13 Plan is **DENIED**.

2. This case is **DISMISSED**, with prejudice and without a discharge.

---

[1] All reference to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.

3. Paul A. Amelio is hereby enjoined from filing a subsequent bankruptcy petition in this or any other bankruptcy court for a period of 180 days effective May 10, 2023.

4. Any filing in violation of this Order will be considered null and void and will neither affect nor act as a stay against any of the Debtor's creditors listed in this case or any of Debtor's prior bankruptcy cases.

5. The automatic stay imposed by 11 U.S.C. § 362(a) and the stay of an action against a codebtor under 11 U.S.C. § 1301 are terminated effective upon entry of this Order.

6. The Court reserves jurisdiction over any motion for relief from the automatic stay seeking prospective relief under 11 U.S.C. § 362(d)(4), now pending or filed within thirty (30) days of entry of this Order. The Court may enter orders or schedule hearings and trials as it deems appropriate to address such motions.

7. All pending hearings are canceled except for any currently scheduled hearing on an Order to Show Cause over which the Court also reserves jurisdiction.

8. Notwithstanding any other Court orders, the Trustee shall return to Debtor, or if Debtor is represented by an attorney, to Debtor in care of Debtor's attorney, any remaining funds on hand not previously disbursed and shall thereafter file the Trustee's final report. Upon the filing of the final report, the Trustee will be discharged of all duties as Trustee.

9. Debtor, the Trustee, or any party in interest may, within 14 days of the entry of this Order, file a motion requesting the Court to examine the fees paid to Debtor's attorney and for the disgorgement of any portion of the fees deemed excessive. The Court shall retain jurisdiction for this purpose.

10. Paul A. Amelio shall immediately pay the outstanding balance of the filing fee, $163.00, by cashier's check or money order delivered to:

> Clerk, U.S. Bankruptcy Court,
> Sam M. Gibbons United States Courthouse
> 801 North Florida Avenue, Suite 555
> Tampa, FL 33602.

11. The Court reserves jurisdiction to determine timely filed applications for administrative expenses and to enforce the terms and provisions of this Order.

Trustee Kelly Remick is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.